FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 17 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harold De Jesus, | Civil Action No.: _____ |
| Plaintiff, | 09 1632 |
| v. | COMPLAINT |
| NCO Financial Systems, Inc., | BIANCO, J. |
| Defendant. | TOMLINSON, M.J. |

For this Complaint, the Plaintiff, Harold De Jesus, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Harold De Jesus (hereafter "Plaintiff"), is an adult individual residing at 580 Flatbush Avenue, Apartment F, Brooklyn, New York 11215, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, NCO Financial Systems, Inc. (hereafter "Defendant"), is a foreign corporation with a principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant began harassing the Plaintiff with daily telephone calls to his home.

10. The Defendant informed the Plaintiff that he was violating state law by not making payments on his debt.

11. The Defendant failed to send the Plaintiff a validation letter, even after repeated requests by the Plaintiff.

12. The Plaintiff sent a certified letter disputing the debt and requesting validation, but the Defendant did not comply with the Plaintiff's requests.

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

16. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

17. The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

18. The Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

19. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

20. The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

21.     The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

22.     The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

23.     The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

24.     The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

25.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29.     New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New York state law.

4

30. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

31. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

32. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

34. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
### VIOLATIONS OF N.Y. GEN. BUS. § 601, *et al.*
### PROHIBITED PRACTICES IN DEBT COLLECTION PROCEDURES

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff is a "debtor" and Defendant is a "principal creditor" as defined under the N.Y. Gen. Bus. § 601.

37. The Defendant threatened to disclose information about the debt despite having knowledge that the debt was disputed, in violation of N.Y. Gen. Bus. § 601(5).

38. Defendant communicated with the debtor at such a time and place and with such frequency as to be considered harassment in violation of N.Y. Gen. Bus. § 601(6).

39. As a result of Defendant's violations of N.Y. Gen. Bus. § 601, the Plaintiff is entitled to damages.

## COUNT IV
### VIOLATIONS OF N.Y. GEN. BUS. § 349 FOR UNLAWFUL DECEPTIVE PRACTICES AND ACTS

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. N.Y. Gen. Bus. § 349 declares unlawful any deceptive acts and practices in the conduct of any business, trade, or commerce within the state of New York.

42. The Defendant has repeatedly contacted the Plaintiff despite Plaintiff's requests that Defendant validate the debt.

43. The Defendant's acts constitute repeated and persistent deceptive acts and practices, in violation of N.Y. Gen. Bus. § 349.

44. As a result of Defendant's violations of N.Y. Gen. Bus. § 349, Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 10, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6351)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs

7